Taliaferro, J.
The controversy in this case relates chiefly to whether the widow of the deceased is entitled to the benefit of the Homestead act upon her avowal of being left in necessitous circumstances at the death of her husband. Marx died in December, 1868, leaving a widow and six minor children. The property of his estate, real and personal, was appraised at $4245. There were debts against the estate amounting to $1200. The widow and tutrix, upon the advice of a family meeting, borrowed money by mortgaging the real estate to pay the debts. The money was loaned by one Boesel, the *100 principal creditor. When the debt to Boesel became due and there being no means of the estate to pay it, the tutrix by advice'of a family meeting, sold the property to raise money for that purpose. On filing her account she placed herself upon it as entitled to one thousand dollars for the benefit of herself and children under the homestead law. The account was opposed by Boesel, who denies her right to the benefit of the act and who opposed various other items of her account. The judge a quo sustained the opposition, rejected the item for homestead claim, reduced the items for attorney’s fees and services of the appraisers, struck out the charge of the tutrix for commissions, and as thus modified homologated the account.
From this judgment the tutrix appealed. The judge a quo thought that, as it is shown the estate at the time of the death of Marx was worth $3045 over and above the amount of its debts, it can not be taken as insolvent, nor that the widow was left in necessitous circumstances. He assumed under the authority of the case of the succession of Norton, 18 An. p. 36, that “the right granted to the widow or minor children of a deceased person by the homestead act, vests in them at the time of the death of the deceased, provided their condition of life at that moment entitles them to the benefit of the provisions of the act; their pecuniary circumstances at the time of the death of the insolvent and not at any subsequent time, settles their right to any claim under the act.”
We find no reason for altering the decree of the lower court.
Judgment affirmed.
Rehearing refused.